UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

DIRECTV, INC.,

                    Plaintiff,

   -against-

CHUCK CHAN,

                    Defendant.

**REPORT & RECOMMENDATION**
03-CV-4595 (JG) (KAM)

------------------------------------------------------------------------ X

MATSUMOTO, United States Magistrate Judge:

      By order dated June 7, 2005, United States District Judge John Gleeson referred this matter, pursuant to 28 U.S.C. § 636(b), to the undersigned magistrate judge for an inquest on damages after ordering, upon the default motion of plaintiff, that default be entered against defendant, Chuck Chan, for violations of the Communications Act of 1934, codified, as amended, at 47 U.S.C. § 605, and the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. (Docket no. 7; see also docket no. 1, Complaint ("Compl.") ¶ 5.) Plaintiff has submitted the affidavit of its counsel, Daniel Jacobson, Esq. ("Jacobson Aff.") and a Memorandum of Law ("Pl. MOL"), in support of its application for default judgment, attorneys' fees and costs. (See docket no. 10.) Defendant has not made any submissions in opposition, despite receiving notice and an opportunity to do so. (See docket no. 9, Affidavit of Service dated September 7, 2005.) For the reasons set forth below, it is respectfully recommended that plaintiff be awarded statutory damages of $10,000, as well as attorneys' fees and costs of $850, for a total award of $10,850. Furthermore, it is respectfully recommended that plaintiff's request

for a permanent injunction, and request for an order directing defendant to surrender all pirate access devices in his possession, be denied.

## I.  BACKGROUND

Plaintiff, a California corporation, operates a direct satellite broadcast system which provides television and other programming to more than ten million homes and businesses throughout the United States.  (Compl. ¶ 1.)  To ensure that only its paying customers may view its programming and to prevent unauthorized interception, plaintiff electronically "scrambles," or encrypts, its satellite transmissions.  (Id. ¶ 2.)  Plaintiff's legitimate paying customers are required to create an account with plaintiff and to obtain an access card and certain other hardware.  (Id.)  Upon activation of the access card by plaintiff, customers are able to receive a decrypted satellite signal and view plaintiff's programming.  (Id.)

On or about May 25, 2001, plaintiff, with the assistance of local law enforcement, executed Writs of Seizure at a mail shipping facility used by several major sources of devices primarily designed for the surreptitious interception of satellite communications broadcast by plaintiff.  (Id. ¶ 3.)  The operator of one such entity, White Viper Technologies, voluntarily surrendered business records documenting purchases of such devices, also referred to as "pirate access devices."  (Id.)  Based on these records, plaintiff alleges that defendant, on or about October 9, 2000, purchased five pirate access devices designed to permit viewing of plaintiff's

programming without authorization or payment to plaintiff. (Compl. ¶ 4-7.[1])

Plaintiff's complaint seeks damages and injunctive relief for the unauthorized interception of plaintiff's satellite transmissions in violation of 47 U.S.C. § 605, for the unauthorized interception of electronic communications in violation of 18 U.S.C. § 2511(1)(a) and for possession of a pirate access device in violation of 18 U.S.C. § 2512(1)(b). Plaintiff's third prayer for relief, however, requests, "[i]n the event of a default," damages only for violations of 18 U.S.C. § 2511(a)(2)[2], as well as attorneys' fees and costs in the sum of $850. Plaintiff's second prayer for relief seeks, pursuant to 47 U.S.C. § 605(e)(3)(B)(I) and 18 U.S.C. § 2520(b)(1), an order enjoining and restraining defendant from importing, possessing, or using pirate access and directing defendant to surrender all pirate access devices in his possession.

## II. DISCUSSION

### A. **Liability**

Once a default judgment is entered, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Chen v. Jenna

---

[1] Plaintiff's Memorandum of Law notes that although paragraph 7 of plaintiff's complaint "mistakenly" indicates that [defendant] purchased both five and four pirate access devices[,]" defendant actually "purchased five pirate access devices. However [p]laintiff is seeking damages for just a single violation of 18 U.S.C. § 2511(1)(a)." Pl. MOL at 5, n. 2.

[2] Title 18 U.S.C. § 2511 does not contain a subsection "(a)(2)." The Court assumes that plaintiff intended to seek relief for violations of § 2511(1)(a), as previously set forth in its first prayer for relief.

Lane, Inc., 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (where "the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

The allegations of plaintiff's complaint clearly establish the elements of liability required to state a claim under 18 U.S.C. § 2520(c)(2)(B) for a violation of 18 U.S.C. § 2511(1)(a), a criminal statute which applies to any person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral or electronic communication." 18 U.S.C. § 2511(1)(a). Section 2520, which tracks the language of § 2511(1)(a), creates a private right of action: "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity . . . which engaged in that violation such relief as may be appropriate." 18 U.S.C. § 2520(a).

Plaintiff alleges that defendant used an unauthorized device to decrypt and view plaintiff's satellite transmissions of television programming and, in so doing, "intentionally intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept" plaintiff's satellite transmissions. (Compl. ¶ 16.) Accordingly, plaintiff has properly stated a claim under 18 U.S.C. §§ 2511(1)(a) and 2520(a). See DirecTV, Inc. v. Perrier, No. 03 Civ. 400, 2004 WL 941641, at *3 (W.D.N.Y. Mar. 15, 2004) (holding that defaulting defendant was liable under § 2511 where plaintiff alleged that defendant used a pirate access device to intentionally intercept plaintiff's electronic communications, specifically, plaintiff's satellite transmissions); see also DirecTV, Inc. v. Branski, No. 03 Civ. 5453, slip. op. at 4 (E.D.N.Y. Oct. 26, 2004) (Mag. J. Gold finding that plaintiff stated claim under §§ 2511(1)(a) and 2520(a)

where device purchased by defendant was used to decrypt and view plaintiff's satellite transmissions of television programming) (Report and Recommendation adopted by J. Dearie).

**B.     Damages**

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. See Chen, 30 F. Supp. 2d at 623. Instead, claims for damages generally must be established in a hearing at which the defendant is afforded the opportunity to contest the amount claimed. See Greyhound Exhibitgroup, 973 F.2d at 158.

Given that plaintiff seeks an award of statutory damages, and does not seek to establish or recover its actual damages, and that defendant has not filed any opposition to plaintiff's submissions, or otherwise responded to plaintiff's allegations or to the relief sought, despite having notice and an opportunity to do so, a hearing is not warranted. Indeed, the holding of an inquest by affidavit, without an in-person court hearing, is permitted "as long as [the court has] ensured that there was a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

As stated above, plaintiff seeks statutory damages pursuant to 18 U.S.C. § 2520(c)(2)(B) for a single violation of 18 U.S.C. § 2511(1)(a), despite pleading five violations of this provision. (See Compl., Prayer for Relief at ¶ 3; Pl. MOL at 2, n. 2.) That section authorizes statutory damages to any person whose electronic communication is intercepted, disclosed or intentionally used in the amount of the greater of $100 a day for each day of violation or $10,000.

18 U.S.C. § 2520(c)(2)(B). Although a dispute exists among the circuits regarding whether an award of damages under § 2520(c)(2) is discretionary or mandatory, courts generally hold that such awards are within the discretion of the trial court, which plaintiff concedes. (See Pl. MOL at 4;) see also DirecTV v. Meinecke, No. 03 Civ. 3731, 2004 WL 1535578, at * 2 (S.D.N.Y. Jul. 9, 2004) (collecting cases). Nevertheless, the court's discretion extends only to granting damages strictly as provided in the statute or not granting damages at all; the court has no discretion to award damages in an amount between the two statutory choices. See DirecTV, Inc. v. Perrier, No. 03 Civ. 400, 2004 WL 941641, at *4 (W.D.N.Y. Mar. 15, 2004) (citing Schmidt v. Devino, 206 F. Supp. 2d 301, 306 (D. Conn. 2001)).

Courts holding a damages award to be discretionary under § 2520(c)(2) typically adhere to the following analysis:

(1) The court should first determine the amount of actual damages to the plaintiff plus the profits derived by the violator, if any.
(2) The court should next ascertain the number of days that the statute was violated, and multiply by $100.
(3) The court should then tentatively award the plaintiff the greater of the above two amounts, unless each is less than $10,000, in which case $10,000 is to be the presumed award.
(4) Finally, the court should exercise its discretion to determine whether the plaintiff should receive any damages at all in the case before it.

Meinecke, 2004 WL 1535578, at * 3 (citing Dorris v. Absher, 179 F.3d 420, 429 (6th Cir. 1999)).

With respect to the first inquiry, because defendant has defaulted, plaintiff has been thwarted in any attempt to determine the actual damages it has suffered or the profits earned by defendant. (See Pl. MOL at 4.) With respect to the second inquiry, no information is available to this Court on the actual duration of defendant's violation of § 2511(1)(a). In its

Memorandum of Law, plaintiff argues that defendant could have used the pirate access device for over three years, from October 9, 2000, the date defendant purchased the device, until April 2004, the month during which the device was rendered "useless" due to modifications in plaintiff's encryption technology. (Pl. MOL at 6.) Because statements contained in a memorandum of law are not evidence (see Giannullo v. City of New York, 322 F.3d 139, 142 (2d Cir. 2003)), the Court cannot assess damages under the $100 per day formula. Indeed, "in the absence of information regarding how many days . . . [the defendant] actually intercepted communications in violation of § 2511, any such calculation is speculative." Meinecke, 2004 WL 1535578, at *3. Accordingly, in the absence of evidence of actual damages, the "presumptive award of damages [under § 2520(c)(2)] is $10,000." DirecTV v. Romano, No. 03 Civ. 5106, slip. op. at 3 (E.D.N.Y. July 29, 2004) (citing Meinecke, 2004 WL 1535578, at *3; DirecTV, Inc. v Kaas, 294 F. Supp. 2d 1044,1048 (N.D. Iowa 2003)).

With respect to the fourth inquiry, this Court has considered whether to exercise its discretion to determine if plaintiff should receive any damages at all under 18 U.S.C. § 2520(c)(2)(B) for a violation of 18 U.S.C. § 2511(1)(a). In analyzing this factor, courts have been guided by the following non-exhaustive list of considerations:

> (1) Whether the defendant profited by his violation; (2) whether there was any evidence that the defendant actually used his pirate access devices; (3) the extent of . . . [plaintiff's] financial harm; (4) the extent of the defendant's violation; (5) whether the defendant had a legitimate reason for his actions; (6) whether an award of damages would serve a legitimate purpose; and (7) whether the defendant was also subject to another judgment based on the same conduct.

Meinecke, 2004 WL 1535578, at * 3 (citing DirecTV v. Huynh, 318 F. Supp. 2d 1122, 1132 (M.D. Ala. 2004)).

Due to defendant's default and the resultant lack of discovery, plaintiff has not presented for the Court's consideration any factual bases for factors 1, 2, 4, 5 and 7. The factors that cannot be analyzed because of defendant's default, however, should not weigh in defendant's favor. As noted by the Meinecke court, with respect to the fifth factor, "it can hardly be contested that pirate access devices rarely serve a legitimate purpose beyond stealing satellite signals . . . and the record in this case is of course devoid of any explanation as to why [defendant] . . . bought the device." Meinecke, 2004 WL 1535578, at * 3. Moreover, plaintiff has not presented evidence regarding the third factor, the extent of its financial harm, or the sixth factor, whether an award would serve a legitimate purpose.

In light of the above inquiry, and as previously discussed, it is respectfully recommended that plaintiff be awarded $10,000 in statutory damages pursuant to 18 U.S.C. § 2520(c)(2)(B), for a violation of 18 U.S.C. § 2511(1)(a). The Court is confident that this recommended amount will serve the legitimate purpose of providing compensation to plaintiff for the defendant's violation, more specifically, defendant's theft of plaintiff's services allegedly over three years, and deterring plaintiff from pirating satellite television in the future.

**C.     Injunctive Relief**

Plaintiff also seeks permanent injunctive relief against the defendant pursuant to 47 U.S.C. § 605(e)(3)(B)(I) and 18 U.S.C. § 2520(b)(1), enjoining and restraining defendant from importing, possessing, or using pirate access devices, and directing defendant to surrender all pirate access devices in his possession. The Court "may issue an injunction on a motion for default judgment provided that the moving party shows that (1) it is entitled to injunctive relief

under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction." Cablevision of Southern Conn. v. Smith, 141 F. Supp. 2d 277, 287-88 (D. Conn. 2001). The first condition is met in this case because injunctions are remedies available under both 47 U.S.C. § 605(e)(3)(B)(I) and 18 U.S.C. § 2520(b)(1). Nevertheless, the Second Circuit has cautioned that "injunctive relief does not follow automatically upon a finding of statutory violations . . . ." Town of Huntington v. Marsh, 859 F.2d 1134, 1143 (2d Cir. 1988).

Plaintiff must also show irreparable harm and the absence of an adequate remedy at law in order to obtain a permanent injunction. See Rondeau v. Mosinee Paper Corp., 422 U.S. 49, 57 (1975); New York State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1362 (2d Cir. 1989). To satisfy the irreparable harm requirement, a party seeking injunctive relief ordinarily "must show that the injury it will suffer is likely and imminent, not remote or speculative, and that such injury is not capable of being fully remedied by money damages." NAACP v. Town of E. Haven, 70 F.3d 219, 224 (2d Cir. 1995) (citations omitted).

In this case, plaintiff has not made an adequate showing that it will likely suffer any imminent irreparable harm absent an injunction against defendant. The record is devoid of evidence that the defendant will continue to harm plaintiff by continuing to intercept its satellite transmissions. The Court is thus satisfied that statutory monetary damages provide an adequate remedy in the event that defendant commits similar violations in the future. See, e.g., Main Events/Monitor Productions v. Batista, No. 96 Civ. 5089, 1998 WL 760330, at *1 (E.D.N.Y. Aug. 26, 1998) (injunctive relief denied when plaintiff failed to show that its remedy at law was inadequate and that it would suffer irreparable harm). Indeed, plaintiff acknowledges that modifications made to plaintiff's encryption technology made the pirate access devices purchased

by defendant useless in April 2004. See Pl. MOL at 5. Accordingly, because there is no evidence that the violations are continuing or that statutory damages are insufficient to deter future conduct, it is respectfully recommended that plaintiff's request for a permanent injunction, and request for an order directing defendant to surrender all pirate access devices in his possession, be denied.

### D. Attorneys' Fees and Costs

Attorneys' fees and costs are available for violation of 18 U.S.C. § 2511. See 18 U.S.C § 2520(b)(3). Although the Declaration of Daniel Jacobson supports an award of attorneys' fees and costs in the amount of $1,172.40, plaintiff only seeks to recover $850 in attorneys' fees and costs, as originally sought in plaintiff's complaint. (Pl. MOL at 5.) Because plaintiff has adequately documented its request for fees and costs (see New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983) (a party seeking an attorney's fees award must support such a request with contemporaneous time records that show, "for each attorney, the date, the hours expended, and the nature of the work done.")), and because its request is reasonable, it is respectfully recommended that plaintiff be awarded $850 in attorneys' fees and costs.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the District Court award plaintiff statutory damages of $10,000, as well as attorneys' fees and costs of $850, for a total award of $10,850 against defendant. Furthermore, it is respectfully recommended that

plaintiff's request for a permanent injunction, and request for an order directing defendant to surrender all pirate access devices in his possession, be denied.

Any objections to this Report and Recommendation must be filed with United States District Judge John Gleeson within ten days of the date of its entry.  See Local Civil Rule 6.3; Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); see also Fed. R. Civ. P. 72(a) ("Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.").  Any requests for extensions of time to file objections should be made to Judge Gleeson.

Plaintiff shall serve a copy of this Report and Recommendation upon defendant immediately upon receipt, and shall file an affidavit demonstrating service of the same.

**SO ORDERED.**
Dated: December 15, 2005
    Brooklyn, New York

/s/
**Kiyo A. Matsumoto**
United States Magistrate Judge
Eastern District of New York

Service List:
Plaintiff (*via ECF*)
Defendant (*via Overnight Mail to 147-18 Roosevelt Ave, Flushing, NY 11354*)